T.C. Memo. 2008-14

UNITED STATES TAX COURT

DOUGLAS BYNUM, JR. AND SHIRLEY A. BYNUM, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12010-06.                    Filed January 28, 2008.

Douglas Bynum and Shirley A. Bynum, pro sese.

<u>Susan M. Fenner</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, <u>Judge</u>:  The issues for decision are whether
petitioners are entitled to the business bad debt deductions
claimed on their 2000 and 2001 joint tax returns and whether

petitioners are liable for section 6651(a)(1)[1] additions to tax for failing to timely file their 2000 and 2001 joint tax returns.

FINDINGS OF FACT

In 1976, petitioner Douglas Bynum started, as a sole proprietorship, an engineering consulting business.  In 1977, he incorporated the business as Starfire Engineering, Inc. (SEI).  SEI issued both Mr. Bynum and Shirley Bynum 500 shares at $1 per share.

Mr. Bynum routinely paid cash for various SEI business expenses.  When SEI's business revenues increased, Mr. Bynum used these funds to pay startup costs for seven other businesses operated under SEI (i.e., two secretarial services businesses, created in 1978 and 1980; two tax preparation services businesses, created in 1979 and 1980; two beauty shops, created in 1979 and 1983; and a steel fabrication business, created in 1982).  Between 1982 and 1986, Mr. Bynum either ceased operation of or sold the seven businesses.  Mr. Bynum did not demand or receive repayment for any of the expenses he paid on behalf of SEI.  In 1995, Mr. Bynum dissolved SEI.  Petitioners deducted as business bad debts on their 2000 and 2001 joint tax returns the expenses Mr. Bynum had paid on behalf of SEI.

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Pursuant to extensions of time to file, petitioners' 2000 joint tax return was due October 15, 2001. Petitioners filed their joint tax return relating to 2000 on April 15, 2004, and their joint tax return relating to 2001 on April 30, 2004. Respondent disallowed petitioners' business bad debt deductions and determined additions to tax pursuant to section 6651(a)(1) relating to 2000 and 2001.

Petitioners filed their petition with the Court on June 23, 2006, while residing in Montgomery, Texas.

OPINION

We must determine whether the expenses Mr. Bynum paid on behalf of SEI are deductible business bad debts. A taxpayer is entitled to deduct bona fide debts that become worthless within the taxable year. Sec. 166(a)(1). Bona fide debts must arise from debtor-creditor relationships based upon valid and enforceable obligations to pay fixed or determinable amounts of money. Sec. 1.166-1(c), Income Tax Regs. A contribution to capital does not qualify as bona fide debt for purposes of section 166. Calumet Indus., Inc. v. Commissioner, 95 T.C. 257, 284 (1990). The ultimate question is "'whether the investment, analyzed in terms of its economic reality, constitutes risk capital entirely subject to the fortunes of the corporate venture or represents a strict debtor-creditor relationship'". See

Calumet Indus., Inc. v. Commissioner, supra at 285-286 (quoting
Fin Hay Realty Co. v. United States, 398 F.2d 694, 697 (3d Cir.
1968)).  The names given to documents evidencing the
indebtedness, the presence or absence of a fixed maturity date,
the source of repayments, the right to enforce repayment of the
advance, the intent of the parties, the failure of the
corporation to repay on the due date, and other factors are
considered to determine whether a payment is a contribution to
capital or bona fide debt.  See Tex. Farm Bureau v. United
States, 725 F.2d 307 (5th Cir. 1984); Am. Offshore, Inc. v.
Commissioner, 97 T.C. 579, 602-606 (1991).  No one factor is
controlling, and the determination of whether there is a loan or
a contribution to capital is a question of fact which must be
decided on the basis of all the relevant facts and circumstances.
Calumet Indus., Inc. v. Commissioner, supra at 285.

The expenses paid on behalf of SEI were not bona fide
loans.[2]  Mr. Bynum and SEI did not have a debtor-creditor
relationship.  Mr. Bynum certainly paid and substantiated a wide
array of business expenses, but these payments were not loans to

---

[2] Pursuant to sec. 7491(a), petitioners have the burden of
proof unless they introduce credible evidence relating to the
issue that would shift the burden to respondent.  See Rule
142(a).  Our conclusions, however, are based on a preponderance
of the evidence, and thus the allocation of the burden of proof
is immaterial.  See Martin Ice Cream Co. v. Commissioner, 110
T.C. 189, 210 n.16 (1998).

SEI.  First, there was no valid and enforceable obligation to pay a fixed or determinable amount of money.  Second, there was no oral or written agreement establishing a debtor-creditor relationship.  Third, Mr. Bynum did not demand or receive any payments from SEI relating to the alleged loans.  Finally, the expenditures were not structured as, or intended to be, loans.  To keep his business afloat, Mr. Bynum routinely paid a myriad of typical business expenses.  He was concerned about the survival of the business, not repayment for the expenses.  In sum, Mr. Bynum's payments were contributions to capital, and not bona fide indebtedness.  Even if the expenditures were bona fide loans, petitioners would not be entitled to section 166 bad debt deductions.  SEI was dissolved in 1995.  Petitioners claimed deductions for the alleged bad debts in 2000 and 2001, yet there is no evidence that the alleged loans became worthless in those years.  Accordingly, we sustain respondent's determination.

We must also determine whether petitioners are liable for the section 6651(a)(1) additions to tax.  Section 6651(a)(1) provides that a taxpayer shall be subject to an addition to tax for failure to file a timely return, unless it is shown that such failure was due to reasonable cause and not willful neglect.  Respondent bears, and has met, the burden of production relating to the section 6651(a)(1) additions to tax and has established

that petitioners failed to file their 2000 and 2001 returns on time.  Sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  Petitioners filed their 2000 return, which was due October 15, 2001, on April 15, 2004, and their 2001 return, which was due on April 15, 2002, on April 30, 2004.  The untimely filing was not due to reasonable cause but was the result of willful neglect.  Petitioners assert that they were unable to file timely returns because of health problems.  Petitioners indeed had some health problems, but we are not convinced that the severity of those problems prevented them from filing timely tax returns relating to 2000 and 2001.  Accordingly, we sustain respondent's determination.

Contentions we have not addressed are irrelevant, moot, or meritless.

Decision will be entered for respondent.